FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2007 JAN -9  P 1: 03

CLERK _L. LaVictorie_
_____ OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

JOHNNY STEVE CAPPS,          )
                             )
        Plaintiff,           )
                             )
    v.                       )     CIVIL ACTION NO.: CV506-017
                             )
JO ANNE B. BARNHART,         )
Commissioner of Social Security, )
                             )
        Defendant.           )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge L. Ellis Davis ("the ALJ" or "ALJ Davis") denying his claim for Disability Insurance Benefits and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for Disability Insurance Benefits and Supplemental Security Income on July 24, 2003, alleging that he became disabled on November 5, 2001, due to swollen feet and legs. (Tr. at 17.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On June 16, 2005, ALJ Davis

AO 72A
(Rev. 8/82)

held a hearing at which Plaintiff appeared[1] and testified. Mark Leaptrot, a vocational expert, also testified at this hearing. ALJ Davis found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 16.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 6.)

Plaintiff, born on December 14, 1957, was forty-seven (47) years old when ALJ Davis issued his decision. He has a high school education. (Tr. at 17.) His past relevant work experience includes employment as a maintenance repairer. (Id.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404,

---

[1] Plaintiff and his counsel were in Waycross, Georgia, while ALJ Davis and the vocational expert were in Savannah, Georgia. The hearing was conducted via video teleconference. (Tr. at 16.)

AO 72A
(Rev. 8/82)

Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that, after the alleged onset date of November 5, 2001, there was no evidence that Plaintiff engaged in substantial gainful activity. (Tr. at 24.) At Step Two, the ALJ determined that Plaintiff had a peptic ulcer and lymphedema, which were impairments considered severe within the Act. (Id.) However, the ALJ also determined that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) The ALJ found that Plaintiff retained the residual functional capacity to perform work at the light exertional level with no climbing of ropes, scaffolds, and ladders. (Tr. at 22.) At the next step, ALJ Davis concluded that Plaintiff could not perform his past relevant work as a maintenance repairer (skilled, heavy work), and that Plaintiff had no transferrable skills from any past relevant work. ALJ Davis noted that Plaintiff was a younger individual between the ages of 45 to 49 with a high school education. Finally, the ALJ noted that there were a significant

3

number of jobs in the national economy that Plaintiff could perform, such as a gatekeeper, general office clerk, and a dispatcher (non-emergency). (Tr. at 23.)

## ISSUE PRESENTED

Plaintiff asserts that the ALJ erred by finding that he can perform the full range of light work. Plaintiff contends that the "clear evidence" in this case is that he suffers from severe edema and is not capable of standing and walking six (6) out of eight (8) hours a day, as is required for light work.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d

4

at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

I. **It is unclear whether the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence or if the ALJ followed the correct legal standards.**

Plaintiff contends that the ALJ's decision to deny benefits to him is not supported by substantial evidence. Plaintiff asserts that the medical evidence in this case does not support the finding that he can perform work at the light exertional level. Plaintiff avers that the evidence in this case reveals that he has suffered from feet abnormalities for years. Plaintiff alleges that ALJ Davis did not state the weight he gave each item of medical evidence and the reasons for failing to credit that evidence. Plaintiff also alleges that the Eleventh Circuit Court of Appeals requires an ALJ to articulate his reasons for failing to give weight to the diagnoses shown in the medical records. Plaintiff further alleges that the ALJ improperly disregarded his complaints of pain, as these complaints were supported by objective medical findings.

Defendant asserts that ALJ Davis' finding as to Plaintiff's physical capacities and limitations was consistent with, but more lenient than, the opinions of two state agency reviewing physicians. Defendant contends that treatment records do not support Plaintiff's claim of debilitation due to nearly constant swelling and associated problems. Defendant asserts that Plaintiff failed show that his impairments can reasonably be expected to cause

5

AO 72A
(Rev. 8/82)

the symptoms he has alleged. Defendant avers that the ALJ's finding that Plaintiff remained able to perform light work with some limitations is supported by medical opinions from examining and reviewing physicians, the lack of convincing medical evidence of greater limitations, and inconsistencies in Plaintiff's "story." (Def.'s Br., p. 6.)

A review of the record before the Court indicates that ALJ Davis did not explain the weight given to the opinions of Plaintiff's treating, examining, or consultative physicians, nor does ALJ Davis state the reasons for his determinations as to the weight he assigned to these physicians' opinions. When "assessing the medical evidence . . . the ALJ is required to state with particularity the weight given [to] the different medical opinions and the reasons therefor." McNamee v. Social Sec. Admin., 164 Fed. Appx. 919, 923 (11th Cir. 2006) (quoting Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)). ALJ Davis has failed to meet these requirements. If the Court were to infer the weight the ALJ gave to the various physicians' opinions, the Court would be in grave danger of overstepping its role in Social Security cases. See Dyer, 395 F.3d at 1210 (stating that a reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 9th day of January, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

6